# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2475NE

_____

| | | |
|---|---|---|
| Kami Nichols, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Nebraska. |
| | * | |
| Plum Creek Motors, Inc., | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2002

Filed: April 17, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.


Kami Nichols brought this action for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The defendant is Ms. Nichols's former employer, Plum Creek Motors, Inc. The jury returned a verdict for the plaintiff. Later, judgment was entered on the jury verdict, and, in addition, the District Court[1] awarded the plaintiff $45,000 in front pay. The propriety of this award

_____

[1]The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

is the only question presented on appeal. We hold that the District Court did not abuse its discretion, and therefore affirm.

The reasons for the District Court's decisions are well stated in its order of May 14, 2001. We add a few brief observations. Defendant stresses the fact that, at the time of the trial, the plaintiff was not actively seeking work. Ms. Nichols had, however, actively sought work in the past, between the time of her discharge by defendant and her testimony at trial. She had worked no fewer than four jobs, none of which paid as well as the job with defendant that she had lost. In addition, although not formally employed, she was, at the time of trial, working in her boyfriend's business, and he was supporting her. The atmosphere at plaintiff's former employer had become very difficult. Defendant does not suggest that reinstatement should have been ordered. The amount of back pay awarded was relatively small, especially when compared with the amount requested. It appears to represent about one year's pay, and the District Court's judgment that plaintiff would have worked another year had she not been unlawfully discharged seems reasonable.

We conclude, on the whole, that the District Court's award was not so far out of bounds as to deserve being labeled an abuse of discretion. Front pay is a matter of equitable relief, and the District Court is in the best position to determine whether it is appropriate. The case is not of sufficient precedential significance to require a fuller discussion.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.